**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JEFFERY BURKS, | ) CASE NO. 5:17-cv-01697 |
| Petitioner, | ) JUDGE BENITA Y. PEARSON |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| CLARK SCOTT, Warden, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Jeffery M. Burks (hereinafter "Petitioner" or "Burks"), challenges the constitutionality of his conviction in the case of *State v. Burks*, Summit County Court of Common Pleas Case No. CR-2013-07-2041. Petitioner, *pro se*, filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 18, 2017. (R. 1, PageID# 22). On October 12, 2017, Warden Clark Scott ("Respondent") filed a Motion to Dismiss the petition as time-barred. (R. 7). Petitioner filed his brief in opposition on November 13, 2017. (R. 8-1). This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the habeas petition be DISMISSED as time-barred.

### I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court

factual findings are presumed correct unless rebutted by clear and convincing evidence.") The Ninth District Court of Appeals (hereinafter "state appellate court") summarized the facts underlying Petitioner's conviction as follows:

> {¶ 2} M.S. and R.R. are sisters and are under the age of ten. Their mother occasionally had them stay with a friend, Mr. Burks, when she had other obligations. After the third such visit, M.S. and R.R. reported to her that Mr. Burks had touched them inappropriately, showered with them, and made them engage in fellatio and cunnilingus. The Grand Jury subsequently indicted Mr. Burks for four counts of rape under Revised Code Section 2907.02(A)(1)(b) and four counts of gross sexual imposition under Section 2907.05(A)(4). Each of the rape counts contained a sexually violent predator specification. A jury found Mr. Burks guilty of the offenses, and the trial court found him guilty of the specifications. The court sentenced him to life imprisonment without the possibility of parole.

*State v. Burks*, 2015 WL 1432157, 2015-Ohio-1246 at ¶¶ 1-2 (Ohio Ct. App. Mar. 31, 2015), *appeal not allowed*, 2016-Ohio-7854, ¶¶ 1-2, 147 Ohio St. 3d 1446, 63 N.E.3d 1215 (2016).

## II. Procedural History

### A. Conviction

On August 13, 2013, the Summit County Grand Jury issued an eight count indictment charging Burks with four counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b), each with a sexually violent predator specification; and four counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(4). (R. 7-1, Exh. 1). Burks pleaded not guilty. (R. 7-1, Exh. 2).

On September 23, 2013, Burks, through counsel, filed a motion to determine witness competency. (R. 7-1, Exh. 3). After a hearing held on November 14, 2013, the trial court found the witnesses competent to testify. (R. 7-1, Exh. 4).

On April 18, 2014, after a jury trial, Burks was found guilty as charged. (R. 7-1, Exh. 5). Prior to the sentencing hearing, Burks, *pro s*e, filed several motions and a sentencing

memorandum, including a motion to remove counsel, a motion for a mistrial, a motion for a new trial, a motion for self-representation, and a motion to object to the sexually violent predator hearing. (R. 7-1, Exhs. 6 through 11). On May 1, 2014, the trial court denied the motion to remove defense counsel. (R. 7-1, Exh. 12). The court did not rule on the remaining motions. On May 6, 2014, the court held a hearing and determined Burks guilty of the sexually violent predator specifications associated with the four counts of rape. (R. 7-1, Exh. 13).

On June 6, 2014, the trial court held a sentencing hearing. (R. 7-1, Exh. 14). The court ordered Burks to serve a term of life imprisonment without the possibility of parole. *Id*.

**B. Direct Appeal**

On July 1, 2014, Burks, through new counsel, filed a notice of appeal with the state appellate court. (R. 7-1, Exh. 15). On November 3, 2014, Burks raised the following assignments of error:

> 1. The trial court committed reversible and plain error in not instructing the jury on the lesser included offenses of rape.
>
> 2. Mr. Burks was denied his constitutional right to effective assistance of counsel at trial when his trial counsel failed to request lesser-included jury instructions for rape.
>
> 3. The trial court committed reversible error by failing to rule on Mr. Burks' motion for a new trial.
>
> 4. The trial court committed structural, reversible, and plain error by violating Mr. Burks' Sixth and Fourteenth Amendment to the U. S. Constitution by not having a jury determine whether Mr. Burks was a sexually violent predator.

(R. 7-1, Exh. 16). Burks, through counsel, also filed a Notice of Supplemental Authority. (R. 7-1, Exh. 18). On March 31, 2015, the state appellate court affirmed. (R. 7-1, Exh. 19).

Burks did not appeal this decision to the Supreme Court of Ohio.

**C. Application to Reopen Appeal**

On July 6, 2016, Burks, *pro se*, filed a delayed application to reopen his appeal pursuant to Ohio App. R. 26(B). (R. 7-1, Exh. 20). As grounds for reopening the appeal, Burks alleged that appellate counsel had provided ineffective assistance on direct appeal and raised the following claims, verbatim:

1. Failure of appellate counsel to meet with appellant to discuss case facts, assignment or errors, options and strategy prior to filing an appeal on behalf of the Appellant was deficient and was ineffective assistance of appellate counsel.

2. Trial counsel's failure to call expert witness for Appellant's defense was not presented as an assignment of error by appellate counsel was ineffective assistance of counsel.

3. Trial counsel's failure to make a motion to suppress possibly contaminated/tainted evidence was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel and prejudiced appellant.

4. Trial counsel's failure to impeach incompetent expert witness was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

5. Trial counsel's failure to impeach incompetent witnesses for the prosecution was not presented as an assignment or error by appellate counsel was ineffective assistance of counsel.

6. Trial counsel's failure to introduce exculpatory evidence for Appellant's defense was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

7. Trial counsel's failure to subpoena relevant witnesses was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

8. Trial counsel's conflict of interest prejudiced Appellant was not presented as an assignment of error by appellant counsel was ineffective assistance of appellate counsel.

(R. 7-1, Exh. 20).

On August 18, 2016, the state appellate court denied the application to reopen the appeal finding that the application was untimely, and that Burks had failed to demonstrate good cause for the delay. (R. 7-1, Exh. 23). As such, the state appellate court did not address the merits of the assignments of error. *Id*.

On October 3, 2016, Burks, *pro se*, appealed the denial of his 26(B) application to reopen to the Ohio Supreme Court, raising as propositions of law the same eight assignments of error raised before the appellate court. (R. 7-1, Exhs. 24 & 25). On November 23, 2016, the Ohio Supreme Court declined to accept jurisdiction pursuant to Ohio S.Ct.Prac.R. 7.08(B)(4). (R. 7-1, Exh. 26).

**D. Federal Habeas Petition**

On July 18, 2017, Burks filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:

> GROUND ONE: Mr. Burks did not receive effective assistance of counsel [for] fail[ing] to object to court's reversible and plain error in not instructing the jury on the lesser-included offense of rape.
>
> GROUND TWO: Mr. Burks was denied his Constitutional Right to effective assistance at trial when his trial counsel failed to request lesser-included jury instructions for rape.
>
> GROUND THREE: The trial court committed reversible error by failing to rule on Mr. Burks motion for a new trial.
>
> GROUND FOUR: The trial court committed structural, reversible, and plain error by violating Mr. Burks Sixth and Fourteenth Amendments to the U. S. Constitution by not having a jury determine whether Mr. Burks was a sexually violent predator.
>
> GROUND FIVE: Failure of appellate counsel to meet with Appellant to discuss case facts, assignment errors, options and strategy prior to filing an appeal on behalf of Appellant was ineffective assistance of appellate counsel.
>
> GROUND SIX: Trial counsel's failure to call expert witness for Appellant's

defense was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

GROUND SEVEN: Trial counsel's failure to suppress possible contaminated/tainted evidence was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

GROUND EIGHT: Trial counsel's failure to impeach incompetent expert witness was not presented as an assignment of error by appellate counsel and was ineffective assistance of appellate counsel.

GROUND NINE: Trial counsel's failure to impeach incompetent witnesses for the prosecution was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

GROUND TEN: Trial counsel's failure to introduce exculpatory evidence for appellant's defense was not presented as an assignment of error by appellate counsel was ineffective assistance of [appellate] counsel.

GROUND ELEVEN: Trial counsel's failure to subpoena relevant witnesses was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

GROUND TWELVE: Trial counsel's conflict of interest prejudiced Appellant was not presented as an assignment of error by appellate counsel was ineffective assistance of appellate counsel.

(R. 1, PageID# 28-46).

### III. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *Watkins v. Warden*, No. 17-1388, 2017 WL 4857576 at *1 (6th Cir. Sept. 28, 2017) ("Actions arising under § 2254 have a one-year statute of limitations.") The relevant provisions of AEDPA state:

6

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A. One-Year Limitation**

In the instant action, Respondent asserts that Burks's petition is time-barred, because he did not file within the one-year limitations period. (R. 7). As stated above, "the limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pursuant to Ohio Supreme Court Practice Rule 7.01(A)(1)(a), appeals must be perfected within forty-five (45) days. On March 31, 2015, the state appellate court issued its decision affirming his conviction on direct review, and, therefore, Petitioner's conviction became final on May 15, 2015—forty-five (45) days after his appeal was dismissed and the last day on which he could have filed a timely appeal. The statute of limitations commenced the following day on May 16,

7

2015. Absent any statutory tolling, Burks was required to file his habeas petition no later than May 16, 2016. Burks did not place his petition in the prison mailing system until July 18, 2017—more than an entire year after the statute of limitations expired.

However, petitions filed more than one year after the conclusion of direct review are not always untimely. The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). Although Burks filed an application to reopen his appeal on July 6, 2016, and an appeal with the Ohio Supreme Court from the decision denying his application to reopen on October 3, 2016 (R. 7-1, Exhs. 20, 24-25), neither of those filings served to toll the statute of limitations. The statute of limitations had already expired on May 16, 2016. State post-conviction filings, even if timely, cannot serve to toll a statute of limitations that has already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted); *accord Eberle v. Warden, Mansfield Corr. Inst.*, 532 Fed. App'x 605, 609 (6th Cir. 2013) ("2244(d)(1)(A)'s one-year clock does not run anew after an Ohio appellate court denies a defendant's application to reopen his direct appeal due to ineffective assistance of appellate counsel.") Burks's post-conviction state court filings that post-dated May 16, 2016— the date the statute of limitations expired—had no tolling effect.

8

Therefore, unless equitable tolling is appropriate or the factual predicate of Burks's claim did not become known until a later date, his petition should be dismissed as time-barred.

**B. Factual Predicate**

As indicated above, "a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *McQuiggin v. Perkins*, 569 U.S. 383, 388, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013) (quoting 28 U.S.C. § (d)(1)A)). Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence on a later date, resulting in a later filing date "one year from 'the date on which 'the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Id*. at 388-89 (quoting § 2244(d)(1)(D)). The court, however, does not construe Burks's petition or responsive brief (R. 1 & 8-1) as arguing that the factual predicate of his claims were not discoverable until sometime after May 16, 2015—the date the statute of limitations began running.

Burks raises twelve grounds for relief. (R. 1). The first four mirror the four assignments of error raised his by his appellate counsel on direct appeal, and, therefore, Petitioner cannot reasonably maintain that he was unaware of the factual predicate of these claims. The final eight grounds for relief complain that appellate counsel failed to meet with him and that appellate counsel did not challenge various actions (or inactions) of trial counsel. *Id*. Again, the factual predicate of all these claims were either known or discoverable by Burks no later than the

9

conclusion of his trial or when appellate counsel filed the appellate brief. As such, an alternate start date is not a viable argument.[1]

**C. Equitable Tolling**

The court finds that equitable tolling is not appropriate. "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.... Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Despite being put on notice of Respondent's statute of limitations argument in the motion to dismiss, Burks's response has not identified any extraordinary circumstances that stymied his ability to timely file a federal habeas petition, nor has he demonstrated that he acted diligently in his efforts to seek relief in either state or federal court. Rather, the record demonstrates that after the state appellate court denied his appeal on March 31, 2015, Burks took no further action in either state or federal court for more than a year. Such inaction is not construed as the diligent pursuit of one's rights. The court finds no grounds to support equitable tolling.

---

[1] Petitioner also has not alleged any state-created impediment to filing a timely federal habeas application, nor has he asserted that his petition seeks to vindicate a federal constitutional right that was initially recognized after the statute of limitations began to run.

Further, even though Burks' opposition to the motion to dismiss indicates that "equitable tolling is required," his assertion revolves around the argument that he is actually innocent. (R. 8-1). Petitioner's actual innocence argument—a claim that is separate from an equitable tolling claim—is discussed in the ensuing subsection.

**D. Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Supreme Court noted that a claim of actual innocence is *not a request for equitable tolling* but, rather, a request for an equitable exception to § 2244(d)(1). *Id.* at 1931 (emphasis added). The *McQuiggin* court also reiterated the requisite standard for a credible claim of actual innocence. *Id.* at 1931. The touchstone of the inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id.* at 1933 (*quoting Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). However, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 298.

In the instant case, Burks has failed to identify any new, reliable evidence demonstrative of actual innocence. To the extent Burks notes in his response that there was no DNA evidence introduced showing that he raped the victims (R. 8-1, PageID# 329), such evidence is unnecessary to sustain a conviction for rape or gross sexual imposition. Burks's petition also suggests that his counsel did not introduce evidence that he was unable to ejaculate semen. (R. 1,

11

PageID# 43). Again, this evidence does not demonstrate factual innocence, as Burks's inability to ejaculate semen is irrelevant and unnecessary to support a rape or gross sexual imposition conviction.[2] Petitioner's statements do not exonerate him of either rape or gross sexual imposition. Further, his challenges to the credibility of witnesses and the alleged failure of his counsel to impeach certain witnesses, as well as his assertions that counsel failed to object to certain testimony or argument, are essentially challenges to counsel's trial strategy and are not demonstrative of actual innocence. Simply put, Petitioner has not come forward with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or other critical physical evidence that was not presented at trial.

## IV. Conclusion

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (R. 7) be GRANTED and that this matter be DISMISSED as time barred.

/s/ David A. Ruiz
U.S. MAGISTRATE JUDGE

Date: March 13, 2018

---

[2] Burks was convicted or rape under O.R.C. § 2907.02(A)(1)(b), which prohibits "sexual conduct" with a person less than thirteen years of age. "Sexual conduct" is defined as "[p]enetration, however slight, … sufficient to complete vaginal or anal intercourse." O.R.C. § 2907.01(A). Furthermore, "sexual conduct" encompasses the insertion of "any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." *Id.* Petitioner's unsubstantiated assertions fail to satisfy the *Schlup* standard of new, reliable evidence. Nevertheless, assuming *arguendo* that Petitioner suffers from either erectile dysfunction or an inability to ejaculate, neither is sufficient to prove actual innocence of rape given the language of the statute.

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. **28 U.S.C. § 636(b)(1).** Failure to file objections within the specified time may waive the right to appeal the district court's order. *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**