PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY M. BURKS, | ) |
| Petitioner, | ) CASE NO. 5:17CV1697 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WARDEN, BELMONT CORRECTIONAL INSTITUTION, | ) |
| | ) **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) [Resolving ECF Nos. 7 & 11] |

*Pro se* Petitioner Jeffrey M. Burks filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 (ECF No. 1), alleging twelve grounds for relief which challenge the constitutional sufficiency of his conviction in Summit County Court of Common Pleas Case No. CR-2013-07-2041. The case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). Respondent filed a motion to dismiss. ECF No. 7. The Magistrate Judge issued a Report and Recommendation, recommending granting the motion to dismiss. ECF No. 10. Petitioner filed timely Objections to the Magistrate Judge's Report. ECF No. 11. The Court, after reviewing the objections, hereby adopts the report, grants Respondent's motion to dismiss, and dismisses the petition.

## I. Background

Following a jury trial, Petitioner was found guilty of four counts of rape, each with a

(5:17CV1697)

sexually-violent predator specification, and four counts of gross sexual imposition. ECF No. 7-1 at PageID #: 150. The trial court sentenced Petitioner to a term of life imprisonment without the possibility of parole. *Id.* at PageID #: 57-61.

Petitioner appealed his conviction, raising four assignments of error. *Id.* at PageID #: 201. The Ninth District Court of Appeals affirmed the conviction. *Id.* at PageID #: 260-67.

Petitioner did not appeal to the Ohio Supreme, but he did file an out-of-time application to reopen the appeal. *Id.* at PageID #: 268-77. In his application for reopening, Petitioner raised eight assignments of error. *Id.* at PageID #: 270-76. The Ninth District Court of Appeals denied Petitioner's application as untimely. *Id.* at PageID #: 294-95.

Petitioner appealed the denial of his application to the Ohio Supreme Court. *Id.* at PageID #: 296. Petitioner raised the same eight assignments of error that he raised in his application for reopening. *Id.* at PageID #: 299. On November 23, 2016, The Supreme Court denied Petitioner's application. *Id.* at PageID #: 311.

On July 18, 2018, Petitioner filed his Petition for Writ of Habeas Corpus. ECF No. 1.

Respondent filed a motion to dismiss. ECF No. 7. Respondent argues, among other things, that the petition is time-barred.

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

2

> recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

### III. Discussion

Subpart d of Section 2244 of Title 28 of the United States Code provide the following:

> (1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the existence of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's writ falls outside of the time period 2244(d) prescribes. The Ninth District Court of Appeals affirmed Petitioner's conviction on direct review on March 31, 2015. ECF No.

(5:17CV1697)

7-1 at PageID #: 260-66. Petitioner had forty-five days to appeal this decision to the Ohio Supreme Court. *See* Ohio S. Ct. Prac. R. 7.01(A)(4). Thus, Petitioner's conviction became final on May 15, 2015, which meant he had to file his habeas petition by May 16, 2016. Petitioner did not file his petition until July 18, 2017.[1]

In his objections to the Report and Recommendation, Petitioner advances two arguments in his objections: (1) equitable tolling should apply and (2) actual innocence overcomes the untimely nature of his habeas action. ECF No. 11 at PageID #: 347-48. Neither argument is well-taken.

**A. Equitable Tolling**

The Sixth Circuit has applied five factors in considering whether to apply equitable tolling to a statute of limitations: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Graham-Humphreys v. Memphis Brook Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (quotations omitted).

The Sixth Circuit has held that "federal courts sparingly bestow equitable tolling." *Id.* at 560 (collecting cases). Indeed, the Sixth Circuit has held that "[a]bsent compelling equitable

---

[1] Petitioned filed an application to reopen his appeal and an appeal of the Ninth District's denial of the application. Those events do not toll the statute of limitations, however, because the statute of limitations had already expired. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).

4

(5:17CV1697)

considerations, a court should not extend limitations by even a single day." *Id.* at 561 (citation omitted).

Petitioner contends that he satisfies these factors, because he did not know that he could file a habeas action, he had exhausted his criminal appeal options to the best of his ability, and he immediately pursued the habeas action once he knew it was available. ECF No. 11 at PageID #: 347. He also argues that his actual innocence should merit equitable tolling. *Id.* at PageID #: 47-48.[2]

Petitioner's reasons do not compel equitable tolling. Instead, they suggest that this was a case of "garden variety neglect." *Johnson v. United States Postal Service*, 64 F.3d 233, 238 (6th Cir. 1995). Therefore, the Court will not apply equitable tolling.

**B. Actual Innocence**

The Supreme Court has held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 569 U.S. at 392.

The actual innocence exception applies when "an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt ... ." *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012) (quotation

---

[2] The United States Supreme Court held that actual innocent is not a reason for equitable tolling. *McQuiggin v. Perksin*, 569 U.S. 383, 386 (2013). Rather, it is grounds for an equitable exception. So, the Court will not analyze this argument independent of the equitable tolling argument.

5

(5:17CV1697)

omitted). The petition must present "new reliable evidence ... that was not presented at trial." *Id*. (quotation omitted). This evidence must show that "it is more likely than not that no reasonable juror would have convicted him," if the jury had considered that evidence. *McQuiggin*, 569 U.S. at 399 (quotation omitted).

The magistrate judge held that Petitioner did not identify any new reliable evidence to support a claim of actual innocence. ECF No. 10 at PageID #: 344-45. Petitioner disputes this, but in doing so, he merely repeats arguments that the Magistrate Judge found did not constitute evidence of factual innocence. *See* ECF No. 11 at PageID #: 349-53.

The new evidence Petitioner relies on is purported medical evidence that he cannot ejaculate, but that does not show innocence. Even an individual that cannot ejaculate can still be convicted under R.C. § 2907.02(A)(1)(b), because ejaculation is not an element of the crime.

The other arguments Petitioner makes in his objections are not new pieces of evidence, but rather, procedural arguments, such as the ineffective assistance of counsel argument. These arguments do not allude to new evidence sufficient to show actual innocence.

Therefore, Petitioner's objections are not well-taken.

### IV. Conclusion

For the foregoing reasons, Petitioner's Objections (ECF No. 11) are overruled and the Report and Recommendation (ECF No. 10) of the Magistrate Judge is hereby adopted. Respondent's motion to dismiss (ECF No. 7) is granted. The Petition for a Writ of Habeas

(5:17CV1697)

Corpus (ECF No. 1) is dismissed as untimely.  The Court certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

   July 3, 2018                                 /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                                United States District Judge